BRADLEY D. LIGGETT (CBN 259274)
RYAN D. HARRIS (CBN 217154)
Harris Personal Injury Lawyers
1025 Farmhouse Lane, 2F
San Luis Obispo, Ca. 93401
Telephone: (805) 544-0100
Facsimile:  (805) 554-0101
Email: brad@harrispersonalinjury.com

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JULIE ZATZ
Assistant United States Attorney (CBN 155560)
Room 7516, Federal Building
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-7349
Facsimile: (213) 894-7819
Email: Julie.Zatz@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARY ANN BATHE, an individual; DAVID BATHE, an individual; and BRIAN BATHE, an individual<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | NO.  CV 19-04965 DMG (MRWx)<br><br>**JOINT FRCP 26 SCHEDULING REPORT**<br><br>Date: October 18, 2019.<br>Time:  9:30 a.m. |

Plaintiffs, Mary Ann Bathe, David Bathe and Brian Bathe, and Defendant, United States of America, by and through their undersigned counsel, hereby submit their joint report pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1 and this Court's Order of

1

September 5, 2019.

### A.  STATEMENT OF THE CASE

Plaintiffs, Mary Ann Bathe, David Bathe and Brian Bathe, bring suit for personal injury under the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 1346(b) et seq. arising out of an automobile accident which occurred on June 16, 2017 at Fort Hunter Liggett, a United States Army Reserve training installation in southern Monterey County, California.  United States Army employee, Devon Hicks, was driving a military Humvee with a passenger southbound on a two-lane highway on the installation.  Ahead of him was an open-air John Deere utility vehicle driven by Decedent, Douglas Bathe.  At the time of the incidents alleged, Mr. Bathe was an employee of a military contractor.  Plaintiffs allege that the Humvee tried to pass Decedent's slower vehicle at an unsafe speed.  Defendant maintains that Decedent ignored all efforts to alert him to the intention to pass, including flashing lights, signaling and yelling.  When the two vehicles collided, Decedent was thrown off the Deere and died shortly thereafter.

### B.  SUBJECT MATTER JURISDICTION

Plaintiffs maintain that the Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) et seq.  Defendant maintains that the case may be barred by California's workers compensation statutes.  There are no issues regarding either personal jurisdiction or venue.  The Defendant has been served properly.

### C.  FACTUAL ISSUES

Plaintiffs contend that the United States' driver negligently and without warning attempted to pass Decedent at an unsafe speed, striking his Deere vehicle. The United States contends that Decedent failed to respond to all of their visual and auditory warnings when he attempted to execute a left turn into Humvee as it was executing its passing maneuver.

**D.   LEGAL ISSUES**

1. Whether the acts and/or omissions of Defendant United States' driver, if any, breached the standard of care and caused in whole or in part Plaintiffs' injuries.

2. Whether the acts or omissions of Decedent, if any, breached the standard of care and caused in whole or in part Decedent's fatal injuries.

**E.   MOTIONS**

The United States may bring on a motion for summary judgment following discovery taken from Decedent's employer as to whether California's workers compensation statute(s) and/or the contract between Decedent's employer and the United States Army is/are the exclusive remedy for Decedent's damages.

**F.   ADDITIONAL PARTIES, CLAIMS, DEFENSES OR AMENDMENTS**

None anticipated.

**G.   INITIAL DISCLOSURES**

The parties shall exchange the information required by FRCP 26(a)(1)(A) no later the date of the scheduling conference.  On or before that date, Plaintiffs shall produce hard copies and/or digital copies of all of Decedent's medical and employment records including those that may have previously provided during the administrative process, as well as any itemized medical bills or related expenses and documents supportive of any claim to economic losses.  The parties shall disclose the names and contact information of individuals whom they currently believe to have knowledge supportive of their claims and defenses.  By the time of the scheduling conference, the parties shall have begun discussing/scheduling depositions and additional discovery requests.

**H.   DISCOVERY PLAN (see also attached proposed dates)**

The scope of discovery will include all of the foregoing factual and legal issues including the nature and extent of Plaintiffs' injuries and damages.  The parties do not anticipate the need to limit discovery to particular issues or to conduct discovery in phases.  Fed. R. Civ. P. 26(b).  The parties agree to exchange electronically stored information (if any) in hard copy format or digital format.  At this time, the parties do

not propose that any changes be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of the Central District of California.

As regards depositions, likely deponents include persons listed by the parties in their FRCP 26(a)(1) exchange to include: Plaintiffs and percipient witnesses to the circumstances of the accident and Decedent's pre-existing medical condition, if any; Defendant's employees with knowledge of the facts and circumstances of the accident; Decedent's employer; and respective medical, accident reconstruction and other experts.

The parties will serve written discovery on one another as necessary. However, the parties also recognize their ongoing and mutual obligation to supplement their Rule 26 exchange on a continuing basis.

### I. RELATED CASES OR PROCEEDINGS

None.

### J. CERTIFICATION AS TO INTERESTED PARTIES

Plaintiffs filed their Certificate of Interested Parties concurrently with the Complaint in this matter. Other than Plaintiffs and the United States, Plaintiffs are unaware of any persons, forms, partnerships, corporations or other entities having either a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceedings. No such Certification is required of Defendant. (L.R. 7.1-1)

### K. TRIAL ESTIMATE

The trial shall be to the Court. 28 U.S.C. §2402. Plaintiffs estimate that the trial shall consume 3 days. Defendant estimates that trial shall take 2 days.

### L. SETTLEMENT EFFORTS

To date, no such discussions have commenced. The parties are committed to good faith settlement discussions during the course of the discovery period and feel that a formal mediation would be most productive once discovery is substantially completed. Plaintiffs understand that any settlement demand must be presented in writing. Pursuant to L.R. 16-15.4, the parties elect to utilize ADR procedure No. 3, participation in a

private dispute resolution proceeding. Pursuant to L.R. 16-15.2, the parties will submit to this ADR proceeding no later than June 23, 2020

**M.  COMPLEX LITIGATION**

The litigation is neither complex nor requires reference to procedures set forth in the Manual on Complex Litigation.

**N.  UNUSUAL LEGAL ISSUES**

None.

**O.  OTHER ISSUES**

There are no special issues affecting the status or management of the case. There is no need for bifurcation, severance, or other ordering of proof.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**P.    TRIAL COUNSEL**

Plaintiffs:  Bradley D. Liggett and Ranger J. Wiens

Defendant: Assistant United States Attorney Julie Zatz (julie.zatz@usdoj.gov)

All counsel are ECF users.

DATED:    October 4, 2019

    /s/ Bradley D. Liggett
BRADLEY D. LIGGETT
RYAN D. HARRIS.
HARRIS PERSONAL INJURY LAWYERS
Attorney for Plaintiffs,
Mary Ann Bathe, David Bathe and Brian Bathe

DATED:    October 4, 2019

NICOLLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

    /s/ Julie Zatz
JULIE ZATZ
Assistant United States Attorney
Attorneys for United States of America