UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARY ANN BATHE, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 20-cv-01574-LHK (VKD)

**ORDER RE DISCOVERY DISPUTE RE DEFENDANT'S RESPONSES TO REQUESTS FOR ADMISSIONS**

Re: Dkt. No. 56

The parties ask the Court to resolve a dispute concerning the United States' efforts withdraw its admissions to plaintiffs' Requests for Admissions ("RFA") Nos. 30 and 36.[1] Dkt. No. 56. The Court held a hearing on the matter on December 8, 2020. Dkt. No. 62.

For the reasons explained below, the Court permits the United States to withdraw its admissions and amend its responses to these requests.

## I. BACKGROUND

In this action, plaintiffs seek relief under the Federal Tort Claims Act for the wrongful death of Douglas Bathe in a motor vehicle accident. Dkt. No. 56 at 1. The accident occurred when Mr. Bathe, who was driving an off-road utility vehicle, turned left into the path of a Humvee driven by an Army employee who was attempting to pass Mr. Bathe's vehicle. Plaintiffs argue that the accident occurred at the intersection of two roads at which passing is not permitted under California law. The United States disputes that the accident occurred at such an intersection. *Id.*

During discovery, plaintiffs served the following requests for admissions on the United

---

[1] The Court appreciates the parties' submission of a discovery dispute letter that includes agreed statements of the relevant facts and of the applicable legal standard.

States:

> RFA 30: Admit that immediately prior to the incident, decedent was attempting to turn left onto a publicly maintained road.
>
> RFA 36: Admit that the incident occurred at an intersection.

Dkt. No. 56 at 2. Initially, the United States denied RFA No. 30 and objected to RFA No. 36. *Id.* After conferring with plaintiffs' counsel, on June 17, 2020, the United States amended its responses to indicate that it admitted both requests. Dkt. No. 51-1, Ex. C at ECF 27-29 (As to RFA No. 30, the United States answered "Admit. The decedent was attempting to turn left into the driveway of building 3340 on Fort Hunter Liggett." As to RFA No. 36, the United States answered "Admit.").

At some point thereafter, the United States apparently learned that "the investigating officer did not believe that the accident occurred at an intersection." Dkt. No. 56 at 3. On August 7, 2020, counsel for the United States advised plaintiffs' counsel by email that the United States intended to "further amend our response to Plaintiffs' RFAs to clarify this issue pursuant to our continuing duty to supplement our discovery responses." Dkt. No. 51-1, Ex. D at ECF 32. Counsel for the United States further stated: "I am happy to take this issue to the Court if you object to our anticipated clarifying amendment to Plaintiffs' RFAs. I write this meet and confer to ensure that there is no misunderstanding about Defendants' position as you take the depositions of the government witnesses." *Id.* Plaintiffs' counsel did not respond to this communication, and the United States did not move for permission to withdraw or amend its answer to RFAs Nos. 30 and 36.

On August 24, 2020, the United States served plaintiffs with an amended response to RFAs Nos. 30 and 36, changing its admissions to denials. Dkt. No. 56 at 2; Dkt. No. 51-1, Ex. E, at ECF 41-43 (As to RFA No. 30, the United States answered "Denied. Immediately prior to the incident, the decedent unexpectedly attempted a left turn towards the upcoming driveway of Building 3340." As to RFA No. 36, the United States answered "Denied. The accident occurred north of the driveway of Building 3340.").

Fact discovery closed on September 4, 2020, and expert discovery closes on December 10,

2020. Dkt. No. 43. The United States filed a motion for summary judgment on November 12, 2020. Dkt. No. 48. By stipulated order, plaintiffs' opposition to that motion is due no later than fourteen days after the Court resolves this discovery dispute, and the motion will be heard on February 11, 2021. Dkt. No. 55. Trial is set to begin June 7, 2021. Dkt. No. 43.

## II. LEGAL STANDARD

A matter admitted pursuant to Rule 36(a) of the Federal Rules of Civil Procedure is "conclusively established" unless a court, "on motion," permits a party to withdraw or amend its admission. Fed. R. Civ. P. 36(b). Under Rule 36(b), a court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defendant the action on the merits." *Id.* Because Rule 36(b) is permissive, not mandatory, even if these requirements are met, a court may consider other factors in deciding whether to exercise its discretion to grant relief. *Conlon v. U.S.*, 474 F.3d 616, 621-22, 624-25 (9th Cir. 2007).

## III. DISCUSSION

The Court considers first whether permitting the United States to withdraw its admissions and amend its answers to RFAs Nos. 30 and 36 will promote the presentation of the merits of the action. The parties agree that whether the accident occurred at an intersection of two roads has implications for the merits of the case. The United States characterizes the "intersection dispute" as a "core issue," and argues that its admissions with respect to RFAs Nos. 30 and 36, if not withdrawn, "would in large part resolve whether the Army driver was negligent." Dkt. No. 56 at 3. Plaintiffs acknowledge that the United States' admissions would establish a presumption of negligence but observe that such a presumption could be rebutted by other evidence. *Id.* at 5.

The first requirement of Rule 36(b) is met here. The United States need not show that a failure to permit withdrawal of the admissions would eliminate its ability to defend the action on the merits but only that withdrawal would "promote" presentation of the merits. The United States' admissions here would have important, if not dispositive, significance for a key merits issue: whether the United States was negligent. Although there appears to be little disagreement about the underlying facts concerning the location of the accident, withdrawal of the admissions

3

will permit the United States to argue the legal significance of those facts.

The Court next considers whether permitting the United States to withdraw its admissions and amend its answers to RFAs Nos. 30 and 36 will prejudice plaintiffs' ability to prosecute the action on the merits.  Plaintiffs argue that they relied on the United States' admissions in deciding not to hire an expert in civil engineering, traffic studies, and/or roadway design to prove that the collision occurred at an intersection.  Dkt. No. 56 at 6.  However, when pressed at the hearing, plaintiffs could not identify any specific expert evidence, in addition to the expert evidence they already have, they would have sought but for the United States' admissions.  In fact, plaintiffs emphasize their view that the "intersection dispute" may be resolved in their favor as a matter of law.  *See id.* at 6-7.  The United States points out that plaintiffs had ample opportunity to take discovery of any facts bearing on RFAs Nos. 30 and 36 after the United States indicated its intention to withdraw its admissions, and that plaintiffs thoroughly examined the United States' witnesses on these matters during deposition discovery.  *Id.* at 3.

The second requirement of Rule 36(b) also is met.  "When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial."  *Conlon*, 474 F.3d at 623.  In analyzing prejudice in *Conlon*, the Ninth Circuit distinguished cases in which a party attempted to withdraw an admission during or on the eve of trial (often very prejudicial), from cases in which a party attempted to withdraw an admission at a time when the nonmoving party still had an opportunity to adjust its trial strategy and presentation to accommodate the change (generally not prejudicial).  *Id.* at 623-24.  Here, plaintiffs say they relied on admissions made and then withdrawn during fact discovery,[2] before the completion of briefing on summary judgment, and well in advance of trial.  As plaintiffs had and still have an opportunity to fully respond to the United States' change of position in advance of trial and before responding to the motion for summary judgment, such reliance does not give rise to the kind of

---

[2] Plaintiffs observe that withdrawal of admissions requires a motion, which the United States did not make until after the close of discovery. While plaintiffs are correct, in considering the question of prejudice, the Court believes it is appropriate to consider that the United States did provide notice of its intent to withdraw its admissions and invited plaintiffs to discuss the matter well in advance of the close of discovery.

prejudice with which Rule 36(b) is concerned.

Having concluded that both of Rule 36(b)'s requirements are met, the Court may also consider other factors, such as whether the United States can show good cause for delay in seeking to withdraw its admissions and whether it has a strong case on the merits. *Id.* at 625. The United States explains that it decided to withdraw its admissions after counsel concluded those admissions were inconsistent with testimony of the United States' own witnesses. Dkt. No. 56 at 3. Plaintiffs respond that the United States' failure to admit RFAs Nos. 30 and 36 is inconsistent with both the facts and the law, and therefore, the United States cannot show good cause for its change of position. *Id.* at 6-7. Neither parties' arguments alter the Court's assessment that the United States should be permitted to withdraw its admissions based on satisfaction of the two requirements of Rule 36(b).

## IV. CONCLUSION

The Court permits the United States to withdraw its admissions of RFAs Nos. 30 and 36 and to amend its answers to those requests.

**IT IS SO ORDERED.**

Dated: December 10, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge